## Joshua M. Waterhouse *versus* Joseph Smith.

The return of an attachment of personal property by an officer, where he is a party, is *prima facie* evidence, and only such, of the attachment.

To preserve an attachment when made, where the property is capable of being taken into actual possession, and does not come within the class where the statute prescribes a different rule, the officer must by himself or his agent, retain his control over it, and have the power of taking it into immediate possession.

Trespass for taking, carrying away and converting certain personal property alleged to have been attached by the plaintiff, then a deputy-sheriff, on a writ in his hands in favor of *George F. Richardson* v. *James P. Frothingham & Co.* The defendant justified the taking, by Jacob Coburn, his deputy, of the property on a writ in favor of Anthony Fernald & al. *v.* the same defendants, as in the former suit, together with George F. Richardson, alleging them to be co-partners under the name of James P. Frothingham & Co. The attachment returned by Waterhouse, the plaintiff, was on Sept. 3d, 1840, and that returned by Coburn, the deputy of the defendant, was on Feb. 15, 1841.

At the trial before Whitman, C. J., after the evidence was all before the jury, the plaintiff became nonsuit by consent. The nonsuit was to be set aside, if in the opinion of the Court the action could be maintained. The whole evidence is given in the report of the case, of which sufficient appears in the opinion of the Court for the proper understanding of the questions of law presented.

*W. P. Fessenden,* for the plaintiff, contended, first: — That the plaintiff made a sufficient and legal attachment of the property which he returned upon his writ. The officer's return is at least *prima facie* evidence of the facts therein stated. *Nichols* v. *Patten,* 18 Maine R. 238. There is nothing in the case to contradict this return.

Second. The attachment was continued in force, and not abandoned, when the property was taken away by the deputy of the defendant. *Denny* v. *Warren,* 16 Mass. R. 420;

*Gordon* v. *Jenney*, ib. 469 ; *Hemenway* v. *Wheeler*, 14 Pick. 480 ; *Foster* v. *Clark*, 19 Pick. 332 ; *Fairbanks* v. *Stanley*, 18 Maine R. 302.

*W. Goodenow*, for the defendant, contended, that the plaintiff never made a valid attachment of the property. To constitute an attachment, the officer, by himself or servants, must be in a situation to control the property, and take it into his actual possession. This was never done. *Lane* v. *Jackson*, 5 Mass. R. 157 ; *Train* v. *Wellington*, 12 Mass. R. 495 ; *Philips* v. *Bridge*, 11 Mass. R. 242 ; *Knap* v. *Sprague*, 9 Mass. R. 258 ; *Nichols* v. *Patten*, 18 Maine R. 238.

But if the property was originally attached, the attachment was lost before the deputy of the defendant interfered. He contended that the facts in the case, showed an entire abandonment of the property. *Knap* v. *Sprague*, 9 Mass. R. 258 ; *Donham* v. *Wild*, 19 Pick. 520 ; *Gordon* v. *Jenney*, 16 Mass. R. 469 ; *Gower* v. *Stevens*, 19 Maine R. 92.

The opinion of the Court was drawn up by

TENNEY J.—The question for our consideration, is whether the plaintiff made, upon the writ in favor of George F. Richardson against James P. Frothingham, an attachment of the goods in dispute ; and whether the same has been preserved, if so made, so that it will prevail against that made subsequently by Jacob Coburn, the defendant's deputy.

The return of an attachment of personal property by an officer, is *prima facie* evidence, and only such, of that fact, in a controversy between the officer, and a vendee, or another officer, making a subsequent attachment of the same goods. *Bruce* v. *Holden*, 21 Pick. 187 ; *Nichols* v. *Patten*, 18 Maine R. 238.

To preserve the attachment, the officer must, by himself or his agent, retain control over the property and have power to take immediate possession thereof ; and that possession must be such, as is necessary to constitute a seisure on execution, and it cannot be left under the control of the debtor.

Whether there is evidence in the case at bar sufficient to rebut that arising from the return of the plaintiff on the writ which was in his hands, we think it unimportant to inquire, as we are satisfied, that if the attachment was legally made by him, it must be regarded as abandoned before the attachment made by the defendant's deputy. Frothingham, one of the firm of J. P. Frothingham & Co. resided out of the State. The property attached by the plaintiff was, before the attachment, put by the owners thereof in charge of John Cox, the agent of the company, who requested a Mr. Sewall to look after it. Although the return of the officer asserts that he left a copy of the writ in favor of Richardson with Cox, still the testimony of the latter, that he had no knowledge of the attachment, till after Coburn had attached and removed the goods, is by no means contradicted thereby. It does not appear that Sewall had knowledge of the attachment made by the plaintiff. The goods were not removed by the plaintiff, but by his return they were put into the care of George F. Richardson for safe keeping. Richardson went to New Orleans in Oct. 1840, and before he left he gave to Isaac Richardson, who resided five miles from the property, a bunch of keys, saying they belonged to the buildings of the Westbrook Quarry, and told him to keep them, till he or the plaintiff called for them; and he had retained them since. There was evidence, that on three of the buildings containing the property, about the time the attachment is returned by the plaintiff, there was seen written with chalk the words, "the within goods attached," or the word "attached." But Coburn, who took and removed the goods on the 15th February, 1841, they having been shown him by Sewall, testifies, that he saw no such marks, and that he had not known or heard of any attachment till about ten days after he had removed the goods. There is no evidence of any notice to Coburn, that an attachment of the goods was made previously to the one made by him.

The buildings containing the property were in the legal occupation of J. P. Frothingham & Co. That company had the entire control of the goods, excepting so far as the proceedings

under the writ in the hands of the plaintiff, prevented it. The plaintiff did not pretend to have personal charge of them after he put them into the care of George F. Richardson. Richardson had gone to New Orleans, and cannot be considered the keeper. Isaac Richardson took no charge of them, for it does not appear, that he was requested to do it, or that he was apprised even, that goods were in the building, the keys of which were left with him, much less that they were under attachment. We know of no case, where the attachment has been held to continue, where the goods were so negligently kept as they were by the plaintiff and his agent; and the

*Nonsuit must stand.*